FILED by _____ D.C.

JUL 16 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12CV80438 DMM
Judge Middlebrooks

EAGAN AVENATTI, LLP; a California
Limited Liability Partnership; and
MICHAEL J. AVENATTI, an individual,

               Plaintiffs,

v.

DAVID B. GREENBERG, an individual,

               Defendant.

_____/

## DEFENDANT DAVID B. GREENBERG'S
## [PROPOSED] ANSWER TO THE COMPLAINT

    Defendant David B. Greenberg, appearing *pro se*, responds to the Complaint of Plaintiffs

Eagan Avenatti, LLP and Michael J. Avenatti and admits, denies, and alleges as follows:

    1.    Defendant is without sufficient information or knowledge to form a substantive

belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, on that

basis, Defendant denies generally and specifically each and every allegation in paragraph 1 of

the Complaint.

    2.    Defendant is without sufficient information or knowledge to form a substantive

belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that

basis, Defendant denies generally and specifically each and every allegation in paragraph 1 of

the Complaint.

Case No.: 12CV80438 DMM
Page 2

3.      Defendant admits that he is a "resident of Palm Beach County, Florida," but denies that he "maintains an office at 5700 Old Ocean Blvd, Unit C, Ocean Ridge, Florida," which is a residence.  Defendant denies that he is a "former senior tax partner at KPMG," but admits that he was employed as a senior manager and later a partner at KPMG from 1999 through August 2003 in Los Angeles, California.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained in paragraph 3 of the Complaint.

4.      Defendant denies generally and specifically each and every allegation in paragraph 4 of the Complaint.  In recent court filings in California, Plaintiffs have alleged that Greenberg is a resident of the State of California, which would destroy diversity.

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, on that basis, Defendant denies generally and specifically each and every allegation in paragraph 6 of the Complaint.

7.      Defendant denies generally and specifically each and every allegation in paragraph 7 of the Complaint.

8.      Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, on that basis, Defendant denies generally and specifically each and every allegation in paragraph 8 of the Complaint.

9.      Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, on that

basis, Defendant denies generally and specifically each and every allegation in paragraph 9 of the Complaint.

10.     Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, on that basis, Defendant denies generally and specifically each and every allegation in paragraph 10 of the Complaint.

11.     Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, on that basis, Defendant denies generally and specifically each and every allegation in paragraph 11 of the Complaint.

12.     Defendant denies generally and specifically each and every allegation in paragraph 12 of the Complaint.

13.     Defendant denies generally and specifically each and every allegation in paragraph 13 of the Complaint.

14.     Defendant denies generally and specifically each and every allegation in paragraph 14 of the Complaint.

15.     Defendant denies generally and specifically each and every allegation in paragraph 15 of the Complaint.

16.     Defendant is without sufficient information or knowledge to form a substantive belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, on that basis, Defendant denies generally and specifically each and every allegation in paragraph 16 of the Complaint.

17.     Defendant denies generally and specifically each and every allegation in paragraph 17 of the Complaint.

18.     Defendant denies generally and specifically each and every allegation in paragraph 18 of the Complaint.

19.     Defendant denies generally and specifically each and every allegation in paragraph 19 of the Complaint.

20.     Defendant denies generally and specifically each and every allegation in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each claim for relief asserted therein, fails to state a claim for which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

22.     Defendant is informed and believes and based thereon alleges that Plaintiffs' Complaint, and each claim for relief asserted therein, was and is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff are well known "public figures" and the standard for libel and defamation has not in any way been breached for such public figures due to an absence of actual malice.

## FOURTH AFFIRMATIVE DEFENSE

24.     Any statements made by Defendant are privileged and were made in the course and conduct of litigation.

## FIFTH AFFIRMATIVE DEFENSE

25.     Any statements made by Defendant are true, thus defeating claims of defamation.

## SIXTH AFFIRMATIVE DEFENSE

26.     Defendant alleges that the Complaint is couched in conclusory terms and that Defendant therefore cannot fully anticipate all affirmative defenses that may be available to him in this action.  Accordingly, the right of Defendant to amend his Answer to assert additional affirmative defenses, if and to the extent that such affirmative defenses are discovered or are applicable, is hereby expressly reserved.

## PRAYER

**WHEREFORE**, Defendant prays for entry of judgment as follows:

1.     That Plaintiffs take nothing by way of their Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiffs herein;

3.     That Defendant recovers his costs of suit, including an award of reasonable attorneys' fees; and

Case No.:  12CV80438 DMM
Page 6

4.      For such other and further relief as the Court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all claims for relief.


DATED:  July 11, 2012                    *Respectfully submitted,*

                                         DAVID B. GREENBERG
                                         Defendant *Pro Se*
                                         1730 S Federal Hwy Box 140
                                         Telephone: (646) 705-2910
                                         E-Mail:  ernk1234@gmail.com


                                         David B. Greenberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by First Class

U.S. Mail on July 12, 2012 on all counsel or parties of record on the Service List below.

Gary Strait

## SERVICE LIST

William C. Hearon, Esq.
WILLIAM C. HEARON, P.A.
Attorney for Plaintiffs
1 S.E. Third Avenue, Suite 3000
Miami, Florida  33131
Ph: (305) 579-9813
Fax: (305) 358-4707
E-mail: bill@williamhearon.com