

FILED by _____ D.C.

JUL 1 6 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12CV80438 DMM
Judge Middlebrooks

EAGAN AVENATTI, LLP; a California
Limited Liability Partnership; and
MICHAEL J. AVENATTI, an individual,

        Plaintiffs,

v.

DAVID B. GREENBERG, an individual,

        Defendant.

_____/

## DEFENDANT DAVID B. GREENBERG'S MOTION TO SET ASIDE DEFAULT

Defendant David B. Greenberg, appearing *pro se*, files this motion pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 55(c) to set aside the Clerk's entry of default entered against him on June 4, 2012, in the above entitled action. Greenberg contends that good cause exists to set aside the default, that he has proceeded diligently in seeking relief from the default, that he has meritorious defenses to the claims in the complaint, and that Plaintiffs will not be prejudiced by setting aside the default. A proposed answer to the complaint is filed herewith.

I.    INTRODUCTION,

Greenberg seeks to set aside the default entered against him in this action on June 4, 2012–just over a month ago. The Complaint was filed on April 25, 2012. Plaintiffs Avenatti and Eagan Avenatti, LLP (collectively, "Plaintiffs"), a California lawyer and his California law firm, sued Greenberg claiming that Greenberg defamed them, which Greenberg denies. Despite

the fact that Greenberg was never properly served with the summons and complaint in this action, Plaintiffs nevertheless sought and then obtained an entry of default against Greenberg on June 4, 2012 based on a legally and factually deficient proof of service.

As set forth below, there is good cause for the Court to set aside the entry of default because service of process was not properly effected on Greenberg and Greenberg did not receive notice of this action until after the default was entered.  Upon learning of the entry of default, Greenberg has moved promptly to set aside the default.

Plaintiffs purport to have served Greenberg in the State of California by substituted service on his "wife"; however, Greenberg is not married and Plaintiffs also otherwise utterly failed to comply with the California statutes governing substituted service.  Plaintiffs failed to properly attempt service personally on Greenberg before serving him by substituted service and the residence where service was purportedly accomplished is not an authorized location for personal service of Greenberg under California law since it is not his usual place of abode.  As demonstrated below, the declaration of service by process server Frank Harrigan is objectively insupportable and fails to meet the necessary standards to support valid service.

II.     FACTUAL BACKGROUND.

Plaintiffs filed this diversity action on April 25, 2012 alleging defamation by Greenberg.  Plaintiffs, however, did not properly serve the Summons and Complaint on Greenberg.  Not having received notice of this action, Greenberg not surprisingly never answered the Complaint.  Plaintiffs filed a request for entry of default on June 1, 2012.  The Clerk entered a default as to Greenberg on June 4, 2012.  Greenberg learned of this action and the entry of default more than a week later.  Notably, in this purported diversity action, the location of service and the Notice of Default was mailed to Greenberg at an address in California.

This is the third action Plaintiff Avenatti now has pending against Greenberg in three different courts.  Avenatti is engaging in a wide ranging personal vendetta against Defendant Greenberg through his misuse of the judicial process.

The first action, *Blum v. KPMG LLP, et al.*, is presently pending in the U.S.D.C., C.D. Cal., case number SACV11-01885 CJC (RNBx).  A copy of the complaint is attached to Greenberg's Declaration ("DBG Decl.") as Exhibit A.  Avenatti brought that case on behalf of Scott Blum, who is claiming damages from a purported tax shelter sold to Blum a decade ago by KPMG.  Greenberg is representing himself *pro se* in that action.

Greenberg was a former KPMG senior manager and then tax partner in its Los Angeles office.  Greenberg left his employment with KPMG effective August 2003.  Although Greenberg had absolutely nothing to do with Blum's transaction or the type of tax transaction Blum entered into, and even though the claims asserted against Greenberg are clearly time barred, Avenatti nevertheless named Greenberg in the action because Avenatti is angry with Greenberg over an earlier case in which Avenatti was involved.

Greenberg was a defendant (and ultimately acquitted) in the widely reported criminal tax shelter case before Judge Kaplan, *U.S. v. Stein* (SDNY 2005) 05 CRIM 888.  During that trial, Avenatti represented a witness, Fred Sands, another purported tax shelter "victim" like Blum. On the witness stand, Greenberg's lawyers demonstrated that Sands was an inveterate liar who couldn't keep his obviously pre-rehearsed story straight.  Avenatti was livid because he had a significant pending civil case representing Sands against KPMG over a tax shelter entered into by Sands.  Avenatti angrily told Greenberg and his counsel afterward that Avenatti was going to get even with Greenberg for embarrassing him and Sands.

Case No.:  12CV80438 DMM
Page 4

In this diversity action, in order to gain subject matter jurisdiction, Plaintiffs specifically alleged that Greenberg is domiciled and resides in Florida and that he committed the acts of which he now complains in this action from the State of Florida.  In paragraph four of the complaint, Plaintiffs allege:

> There is complete diversity in this action as Plaintiffs are informed and believe that Defendant is not a resident of or domiciled in the same state as Plaintiffs.  Plaintiff Avenatti, an individual, is domiciled in and is a resident of the State of California; Plaintiff EA, a limited liability partnership, maintains its principal place of business and all of its offices in the State of California.  As alleged herein, Defendant, an individual, **is not domiciled in nor is a resident of the State of California** and the amount in controversy is greater than $75,000.  [Emphasis added.]

Less than two months after filing this action, Avenatti then filed a California state court action against Greenberg for civil harassment on June 15, 2012 entitled *Michael J. Avenatti v. David B. Greenberg*, Orange County Superior Court case number:  30-2012-00577159-CU-HR-CJC.  (DBG Decl. Ex. B.)  The claims in the state court case are based on the same underlying allegations made in this action.  Avenatti altered his story in the state court action and now claims that Greenberg resides in California.  After filing three separate lawsuits against Greenberg, Avenatti incredibly claims in the state court action that it is Greenberg who is harassing Avenatti.  Avenatti, however, has yet to serve Greenberg in the state court action.

III.    LEGAL STANDARDS.

    A.    Setting Aside an Entry of Default.

        F.R.C.P. Rule 55 concerns default judgments and states that an entry of default can be set aside for good cause. Factors the Court considers in determining whether "good cause" exists for setting aside entry of default include: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003). The Court's discretion to set aside a default is "especially broad." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "[D]efault judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F. 2d 811, 814 (9th Cir. 1985). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

    B.    Substituted Service Under California Law

        Plaintiffs claim here that Greenberg was served in California by substituted service on his "wife". Greenberg qualifies as a person who could be served under California Code of Civil Procedure ("CCP") § 416.90: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." When such personal service cannot be effected, CCP § 415.20(b), allows substituted service:

    If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section . . . 416.90, a summons may be served by leaving a copy of the summons and

complaint at the person's dwelling house, usual place of abode, usual place

of business, or usual mailing address . . . in the presence of a competent

member of the household or a person apparently in charge of his or her

office, place of business, or usual mailing address . . ., at least 18 years of

age, who shall be informed of the contents thereof.

As stated by the court in *American Exp. Centurion Bank v. Zara*, 199 Cal.App.4th 383,

389 (2011):  "An individual may be served by substitute service only after a good faith effort at

personal service has first been made:  the burden is on the plaintiff to show that the summons

and complaint "cannot with reasonable diligence be personally delivered" to the individual

defendant. (CCP § 415.20(b); *Evartt v. Superior Court* (1979) 89 Cal.App.3d 795, 801.)."

IV.   ARGUMENT.

A.   Greenberg Was Not Properly Served and Did Not Receive Notice of this Action

Prior to the Entry of Default.

Plaintiffs specifically alleged in this action that Greenberg resides in Florida and

not California, yet the declaration from the process server Harrigan shows no "good faith effort"

to personally serve Greenberg at his residence or place of business here in Florida.  Instead,

personal service was only attempted in California at a residence where Greenberg's six-year-old

child sometimes resides with a caregiver, Kelly Fennell.  As set forth in Greenberg's declaration

filed herewith, he has not and does not own, rent or reside at that residence in California.

Although required by California law, Plaintiffs have failed to demonstrate a good faith effort to

personally serve Greenberg at a legitimate address prior to resorting to substitute service, thus

invalidating the substitute service.

Even if Plaintiffs had made a good faith effort to personally serve Greenberg, the purported substitute service was also invalid itself. CCP § 415.20(b) only allows substituted service at: 1) the person's dwelling house; 2) usual place of abode; 3) usual place of business, or 4) usual mailing address. As set forth in Greenberg's declaration, the California address fits none of those criteria and service is thus invalid.

The process server Harrigan's veracity is also at issue. Harrigan claims:

      I.     On Page 3 of the Proof of Service, Harrigan falsely states "SERVER RANG THE DOORBELL AND NOTICED SUBJECT WALKING TO THE BACK YARD".

This is a physical impossibility. The entire residence is surrounded by a seven-foot-tall wall. From the street entry to the residence, which is the only means of access other than the garage, Harrigan's only view would have been of a solid, seven-foot-high wall and wooden gate. (See photos attached as Exhibits C, D and E to the Fennell Declaration (KF Decl.) depicting the wall, gate and doorbell.)

      ii.     On Page 3 of the Proof of Service, Harrigan falsely states "THEY MADE EYE CONTACT AND SERVER CALLED HIS NAME BUT HE JUST WALKED AWAY".

This is also a physical impossibility. Even if the entry gate were open, and it never is, a person standing at the gate cannot see into the backyard. Furthermore, as set forth in the declarations, Greenberg was not even in California at the time Harrigan claims to have seen him.

iii.    On Page 3 of the Proof of Service, Harrigan falsely states "SERVED

KNOWS THAT WAS THE SUBJECT BECAUSE HE HAS SERVED

HIM BEFORE".

Harrigan has never personally served Greenberg in any case.  Harrigan

filed a proof of *substituted* service in the *Blum* case referenced above similar to that filed here.

(DGB Decl. Ex. F.)  Harrigan makes no assertions in that proof of service that he ever saw

Greenberg.  Harrigan stated, "Per girlfriend 'Kelly', the subject is not in" and then says he later

dropped the complaint off at 4621 Gorham with Kelly and claimed valid substituted service.

iv.    On Page 3 of the Proof of Service, Harrigan falsely states "SUBJECT'S

WIFE CAME OUT" and "'JANE DOE' (REFUSED TO PROVIDE

NAME), WIFE".

Greenberg is unmarried and has been so for over a decade.  (DBG and KF

Decls.)  It is also telling that Harrigan claims he can recognize Greenberg although he has never

personally served Greenberg, but can't remember Kelly Fennell, whom he did purport to sub-

serve for Greenberg in the *Blum* case.

Greenberg was not properly served in this action and did not receive notice of this case

until after the default was entered.

B.    The Entry of Default Was Not The Result Of Greenberg's Willful Conduct.

Although it is not always necessary that a default be excusable, the default must

not be the product of gross neglect or willful misconduct.  *Rasmussen v. W.E. Hutton & Co.*, 68

F.R.D. 231, 235 (N.D.Ga. 1975); see also *Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15

(D.Mass. 1999).  Here, Greenberg was not properly served and was not given notice of the

proceeding until after the default was entered.  As such, there could have been no misconduct by Greenberg in preventing the default.

Greenberg first learned of the entry of default on or about June 12, 2012 and immediately began determining how to properly proceed in light of the allegations in the lawsuit and the entry of default.  Greenberg had his California lawyer prepare a letter to Plaintiffs' lawyer on June 14, 2012 concerning the defects in service.  (DBG Ex. G.)  Plaintiffs' lawyer's response on June 18, 2012 refused to concede a defect in service.  (DBG Ex. H.)

Neither Greenberg's California lawyer nor any of the lawyers in his office are admitted to practice in Florida.  Greenberg attempted to locate a Florida lawyer to represent him in this action, but was unsuccessful due to Greenberg's financial constraints.  Greenberg is therefore appearing *pro se* in this action.

Greenberg acted promptly to protect his interests less than one week after he discovered a default was entered against him.  There was no willful conduct or gross negligence by Greenberg that resulted in the entry of default and he is acting promptly to set it aside.

    C.    <u>Plaintiffs Will Not Be Prejudiced By Setting Aside The Entry Of Default</u>.

The party opposing a motion to set aside a default must show that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted Plaintiffs' ability to obtain relief.  See *Cutting v. Town of Allenstown*, 936 F.2d 18, 22 (1st Cir. 1991).  "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."  *Lacy v. Sitel*, 227 F.3d 290, 293 (5th Cir. 2000).

Here, Plaintiffs have done nothing other than file a complaint and submit several pages to this court purportedly showing proof of service.  No evidence has been lost in the past several

Case No.: 12CV80438 DMM
Page 10

weeks nor have any witnesses suddenly become unavailable. No party discovery has been

conducted. Plaintiffs will not be prejudiced by setting aside of the default. Instead, setting aside

the default would merely force Plaintiffs to prove their claims, which is legally insufficient to

result in prejudice to Plaintiffs.

      D.    <u>Greenberg Has Submitted Meritorious Defenses to Plaintiffs' Claims</u>.

      The party seeking relief from default bears the burden of showing a defense that

might make the result at trial different than that reached by default. *Franchise Holding II, LLC*

*v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The standard is <u>not</u> a

likelihood of success. Rather, Greenberg need only show that the allegations of the answer, by

itself if proven, would constitute a complete defense. *Securities & Exchange Comm'n v.*

*McNulty*, 137 F.3d 732, 740 (2nd Cir. 1998). As set forth in the proposed answer filed herewith,

Greenberg has meritorious defenses to the complaint.

V.    <u>CONCLUSION</u>.

      On the grounds set forth in this motion, Greenberg respectfully requests this Court grant

his motion to set aside the default entered against him and accept for filing the proposed answer

submitted herewith.

DATED: July 12, 2012           *Respectfully submitted,*

                           DAVID B. GREENBERG
                           Defendant *Pro Se*
                           1730 S Federal Hwy Box 140
                           Telephone: (646) 705-2910
                           E-Mail: ernk1234@gmail.com

                           David B. Greenberg

weeks nor have any witnesses suddenly become unavailable.  No party discovery has been

conducted.  Plaintiffs will not be prejudiced by setting aside of the default.  Instead, setting aside

the default would merely force Plaintiffs to prove their claims, which is legally insufficient to

result in prejudice to Plaintiffs.

       D.     <u>Greenberg Has Submitted Meritorious Defenses to Plaintiffs' Claims.</u>

          The party seeking relief from default bears the burden of showing a defense that

might make the result at trial different than that reached by default. *Franchise Holding II, LLC*

*v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  The standard is <u>not</u> a

likelihood of success.  Rather, Greenberg need only show that the allegations of the answer, by

itself if proven, would constitute a complete defense. *Securities & Exchange Comm'n v.*

*McNulty*, 137 F.3d 732, 740 (2nd Cir. 1998).  As set forth in the proposed answer filed herewith,

Greenberg has meritorious defenses to the complaint.

V.     <u>CONCLUSION.</u>

          On the grounds set forth in this motion, Greenberg respectfully requests this Court grant

his motion to set aside the default entered against him and accept for filing the proposed answer

submitted herewith.

DATED:  July 12, 2012            *Respectfully submitted,*

                              DAVID B. GREENBERG
                              Defendant *Pro Se*
                              1730 S Federal Hwy Box 140
                              Telephone: (646) 705-2910
                              E-Mail:  ernk1234@gmail.com

                              David B. Greenberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by First Class

U.S. Mail on July 12, 2012 on all counsel or parties of record on the Service List below.

Gary Strait

## SERVICE LIST

William C. Hearon, Esq.
WILLIAM C. HEARON, P.A.
Attorney for Plaintiffs
1 S.E. Third Avenue, Suite 3000
Miami, Florida  33131
Ph: (305) 579-9813
Fax: (305) 358-4707
E-mail: bill@williamhearon.com