UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:12-cv-80438-DMM

EAGAN AVENATTI, LLP; a California Limited
Liability Partnership; and MICHAEL J.
AVENATTI, an individual,

    Plaintiffs,

vs.

DAVID GREENBERG, an individual,

    Defendant.
_____/

## PLAINTIFFS' RULE 26 INITIAL DISCLOSURES

  Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a), Plaintiffs Eagan Avenatti, LLP ("the Firm") and Michael J. Avenatti ("Avenatti") (collectively, "Plaintiffs") hereby make the following initial disclosures. These disclosures are based on information reasonably available to Plaintiffs at the time of filing. Plaintiffs' investigation of the facts of this case is ongoing, and Plaintiffs reserve the right to supplement this disclosure. Further, Plaintiffs note that as of the date of this disclosure, a default has been entered in this action (D.E. 6) and thus Defendant David Greenberg ("Defendant" or "Greenberg") has been found to be liable and to have admitted all allegations in the Complaint. At this time, the only issue remaining for trial and/or determination by the Court is the nature and amount of Plaintiffs' damages. This disclosure is premised on the foregoing facts and present status of the case, and Plaintiffs reserve the right to amend this disclosure should the nature of these proceedings change.

  A. **Individuals with Discoverable Information**

  Pursuant to FRCP 26(a)(1)(A)(i), Plaintiffs list the following individuals who are likely to have discoverable information that Plaintiffs may use to support their claims:

1

1.  <u>Michael Avenatti</u>; c/o William C. Hearon, P.A., One S.E. Third Avenue, Suite 3000, Miami, Florida 33131. Plaintiff Avenatti has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

2.  <u>Judy Regnier</u>; c/o William C. Hearon, P.A., One S.E. Third Avenue, Suite 3000, Miami, Florida 33131. Ms. Regnier is an employee at Plaintiff Eagan Avenatti LLP. Ms. Regnier has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

3.  <u>Katherine Mosby</u>; c/o William C. Hearon, P.A., One S.E. Third Avenue, Suite 3000, Miami, Florida 33131. Ms. Mosby is an employee at Plaintiff Eagan Avenatti LLP. Ms. Mosby has knowledge regarding Defendant's defamatory statements.

4.  <u>David Greenberg</u>. Defendant Greenberg has committed the conduct alleged in the Complaint and, by virtue of the entry of default, admitted the defamatory and unlawful nature of his conduct.

5.  <u>Michael Ward</u>; General Counsel, Kensington Computer Products Division, Senior Corporate Counsel, ACCO Brands Corporation, 300 Tower Parkway, Lincolnshire, Illinois 60069. Mr. Ward serves as in-house counsel to clients of the firm and has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

6.  <u>Mark Calvert</u>; Managing Director, Cascade Capital Group, 1420 5th Avenue, Suite 2211, Seattle, Washington 98101. Mr. Calvert is a client of the firm and has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

7.  <u>Craig Edwards</u>; 8533 N.E. 13th Street, Clyde Hill, Washington 98004. Mr. Edwards is a client of the firm and has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

8.  <u>John Cole</u>; Director of Development, George Washington University, The Law School, 2000 H Street, N.W., Washington, DC 20052. Mr. Cole serves as an executive at

George Washington University and has knowledge regarding the nature and extent of Defendant's defamatory statements as well as Plaintiffs' damages.

### B.  Documents

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiffs identify the following categories of documents in their possession, custody or control that Plaintiffs may use to support its claims. Plaintiffs reserve the right to object to the production of the documents described herein on any basis permitted by law, *e.g.* privileged or otherwise protected from disclosure. Plaintiffs do not identify additional documents that they believe exist and also support their claims, but are within Defendant's possession, custody, and control and have yet to be discovered. The categories of known documents are as follows:

1.  Documents evidencing the defamatory statements made by Defendant, including but not limited to those attached as exhibits to the Complaint. These statements were made in writing and posted on various websites and/or communicated, among other ways, by email to Plaintiffs and numerous third parties.

2.  Documents evidencing Plaintiffs' damages. Plaintiffs seek actual, consequential, and punitive damages. Documents evidencing the impact of Defendant's defamatory statements, among other things, on Plaintiffs' business, client relations, and future business prospects.

### C.  Computation of Damages

Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiffs provide the following computation of damages, which is subject to revision based upon expected expert testimony. It is expected that Plaintiffs' actual and consequential damages will be in excess of $10,000,000. Because the conduct admitted to by Defendant constitutes libel per se, damages are presumed and Plaintiffs need not establish actual injury in order to recover damages.

1)  Actual Damages: Plaintiffs seek actual damages in an amount in excess of $5,000,000 for injuries to Plaintiffs' existing business and reputation.

2) <u>Consequential Damages</u>: Plaintiffs seek consequential damages in an amount in excess of $5,000,000 for injuries to Plaintiffs' future business prospects and reputation.

3) <u>Punitive Damages</u>: Plaintiffs seek punitive damages sufficient to deter Defendant from future similar wrongful conduct in an amount equal to or in excess of the combined actual and consequential damages as may be allowed by law.

**D.** **<u>Insurance Policies</u>**

Pursuant to Fed R. Civ. P. 26(a)(1)(A)(iv), the Plaintiffs are not aware of any insurance agreement that is applicable to this litigation.

WILLIAM C. HEARON, P.A.
Attorney for Plaintiffs
1 S.E. Third Avenue, Suite 3000
Miami, Florida 33131
Ph: (305) 579-9813
Fax: (305) 358-4707
E-mail: bill@williamhearon.com

By: _____
William C. Hearon
Florida Bar No. 264660

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail to ernk1234@gmail.com and by U.S. mail on August 20, 2012 on all counsel or parties of record identified on the Service List below.

By: _____
William C. Hearon

4

## SERVICE LIST

David B. Greenberg  
5700 Old Ocean Blvd, Unit C  
Ocean Ridge, Florida 33435

David B. Greenberg  
4621 Gorham Drive  
Corona del Mar, California 92625

WILLIAM C. HEARON, P.A., SUNTRUST INTERNATIONAL CENTER, ONE SOUTHEAST THIRD AVENUE, SUITE 3000, MIAMI, FLORIDA 33131, PHONE: (305) 579-9813