UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:12-cv-80438-DMM

EAGAN AVENATTI, LLP; a California Limited
Liability Partnership; and MICHAEL J.
AVENATTI, an individual,

            Plaintiffs,

vs.

DAVID GREENBERG, an individual,

            Defendant.
                                                    /

## PLAINTIFFS' MEMORADUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

Plaintiffs Eagan Avenatti, LLP ("the Firm") and Michael J. Avenatti ("Avenatti") (collectively, "Plaintiffs") by and through their undersigned counsel file this memorandum in opposition to Defendant David Greenberg's ("Defendant" or "Greenberg") Motion to Stay (the "Motion").[1] Defendant requests that this action be stayed pending the resolution of two separate cases – 1) Blum v. KPMG, an accounting fraud/malpractice action involving the claims of plaintiff Scott A. Blum, a client of the Plaintiffs in this action, against Defendant and others, including KPMG, LLP; and 2) Avenatti v. Greenberg, an action for a Temporary Restraining Order brought by Plaintiff Avenatti in state court in California against Defendant Greenberg out of concern for Avenatti's safety. The basis for Defendant's Motion is apparently his belief that these actions are based on similar facts and circumstances and that it is a burden to have to litigate all three matters. For the reasons discussed herein, Defendant's Motion should be denied.

---

[1] Notwithstanding the date of purported service (or any other date) in the Motion, Greenberg's first mention that he was going to file a Motion to Stay appeared in an email dated September 22, 2012. A copy of the Motion was then emailed to the undersigned (and to the Mediator Rodney Max) on September 24, 2012. A copy of the Motion has never been received in the mail. The Clerk's Office docketed a copy of the (unsigned) Motion on September 27, 2012.

## I.   SUMMARY OF ARGUMENT

*First*, the Blum v. KPMG action is no longer pending and has been stayed for independent reasons pertaining to the litigation of the plaintiff Scott Blum's tax liability in another court. Thus, this action cannot possibly for the basis of a request for a stay here.

*Second*, there is no factual overlap between the actions. The Blum action, even if it were pending, is an accounting fraud/malpractice action brought by Mr. Blum who has no involvement in this action. Neither does this defamation action implicate in any way Defendant's conduct relative to Mr. Blum. Accordingly, it could not resolve any issues germane to this action and does not justify a stay. As for the Avenatti v. Greenberg action, that is a civil harassment case seeking injunctive relief which is unrelated to the defamation cause of action for damages at issue here. Indeed, the factual and legal issues raised therein are distinct and cannot control this action.

*Third*, Defendant Greenberg's claim of burden is unsubstantiated either in his Motion or by the facts of the various proceedings – one of which is no longer being actively litigated.

*Finally*, the stay requested by Greenberg is of an indefinite duration. Accordingly, it is deficient and improper as a matter of law.

Accordingly, for the reasons outlined above and detailed below, the Defendant's Motion should be denied.

## II.   BACKGROUND

This is a defamation action based on Defendant's numerous defamatory statements published online and elsewhere. As alleged in the Complaint, Defendant has published statements such as:

> Michael Avenatti does not care what lies he tells as long as he can make a buck, he is a despicable lying thief. Michael Avenatti preys on the defenseless like the lying sniveling coward he is, he makes Sandusky's abuse of disadvantaged youth look like charitable acts compared to the lives he destroys with his lies and thievery

WILLIAM C. HEARON, P.A, SUNTRUST INTERNATIONAL CENTER, ONE SOUTHEAST THIRD AVENUE, SUITE 3000, MIAMI, FLORIDA 33131, PHONE: (305) 579-9813

Defendant has made other similarly false and malicious statements in an effort to destroy Plaintiffs' professional reputation and business. [See also Docket Entry No. 16 at 2-5 (Detailing other statements made by Defendant)]

After Defendant failed to properly respond to the Complaint in this action, on or about June 4, 2012, the Clerk of the Court entered a default. [Docket Entry No. 6] Defendant has moved to set aside the default, but as explained in Plaintiffs' opposition brief, Defendant was properly served, but chose instead to willfully ignore this action, and his efforts to have the default set aside are simply part and parcel of his broader efforts to evade service and hide from being held accountable for his various acts of wrong-doing. [See Docket Entry No. 16 at 5-8] Accordingly, by virtue of the default in place, Defendant has been deemed to have admitted all allegations in the Complaint. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). Apparently recognizing his predicament, Defendant now seeks to stay this action in order to avoid being held accountable for his outrageous conduct.

III. **STANDARD OF REVIEW**

It has long been established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). However, it is equally well established that "the supplicant for a stay must make out **a clear case of hardship or inequity** in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Id. (emphasis added). In this Circuit, the Court of Appeal generally looks to the scope of the stay and the reasons for it in order to determine whether it is a proper exercise of a court's discretion. Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000); Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976). Thus, the Eleventh Circuit has stated that "the district court must limit properly the scope of the stay" and that the "stay must not be immoderate." Ortega Trujillo, 221 F.3d at 1264. A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable

3

limits, so far at least as they are susceptible of prevision and description." Id.; CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); Hines, 531 F.2d at 733. The Eleventh Circuit has further clarified that the interests of judicial economy alone are insufficient to justify ... an indefinite stay." Ortega Trujillo, 221 F.3d at 1265. Further, "[a]bstention is the exception instead of the rule [citation] and 'courts regularly permit parallel proceedings...'" Id.

## IV.   ARGUMENT

### A. The Blum v. KPMG Action Has Already Been Stayed For Independent Reasons And Is Not Currently Pending And Cannot Be A Basis To Stay This Action

Defendant's argument is premised on the pendency of two (2) other cases, excluding this one, which he claims overlap issues with the present action and the combined pendency of which burden him and therefore justify a stay. As discussed below, there is no meaningful overlap between the various actions that could possibly justify the stay requested by Defendant. Nevertheless, it bears mentioning first and foremost that one of the actions Defendant references as burdening him has already been stayed (for unrelated reasons) and is thus no longer actively being litigated. Defendant knew this at the time he filed his Motion and thus appears to be deliberately misleading the Court. In any event, it certainly does not provide a reason to stay this action.

The Blum v. KPMG action pending in Federal District Court for the Central District of California is an accounting malpractice action brought by plaintiff Scott Blum against his former accountants at KPMG, LLP. [Avenatti Decl. ¶ 3; Exh. 1 (Complaint)] Defendant Greenberg is a former KPMG tax partner and defendant in that action. Plaintiffs in this action, Michael J. Avenatti and Eagan Avenatti, LLP, are not parties to the Blum v. KPMG action, but instead represent Scott Blum as counsel. [Id. ¶ 3; Exh. 1]

On September 11, 2012, the District Court in the Blum v. KPMG action stayed that case. [Avenatti Decl. Exh. 2] The District Court did so pending further proceedings in the action Sixty-Three Strategic Investment Funds v. United States, No. CV 05-1123 RS, pending in the

4

Northern District of California. [Id.]  The purpose of the stay was to permit the litigation of Scott Blum's tax liability regarding one of the transactions at issue in the Blum v. KPMG action and about which Scott Blum alleges the defendants in that action mislead, deceived, and/or failed to exercise due care.  The District Court in the Blum v. KPMG action found that the issue of Mr. Blum's tax liability which would be resolved in the other action appeared "directly" related to the amount of Mr. Blum's damages in the Blum v KPMG action and therefore "likely to simplify and clarify the issues" in the Blum v. KPMG case. [Id. at 2]  Indeed, Mr. Blum too agreed that it was possible the resolution of that issue would resolve questions regarding aspects of his damages and, on balance, did not oppose the stay. [Id.]  Consequently, that action is now stayed.

Defendant Greenberg, as a defendant in that action is aware of this fact.  However, he failed to inform this Court of that fact in his Motion, although it is reflected in the docket sheet Greenberg submits as an exhibit to his Motion.  [See Exh. 1 to Greenberg's Motion (Docket Entry No. 146)]  Instead, Greenberg seeks to rely on the pendency of that action to justify a stay of this action.  Inasmuch as this is the case and Greenberg's proffered reasons are false, Defendant' Motion must be denied.  See Ortega Trujillo, 221 F.3d at 1264 (The reasons given for the stay must support the issuance of a stay).

## B.  There Is No Overlap Between The Other Actions Referenced By Defendant And This Case

Even if the Blum v. KPMG action were being actively litigated, it does not overlap substantially with this one.  In fact, neither does the Avenatti v. Greenberg action.  Accordingly, the pendency of these two other actions does not support the issuance of a stay.

The Blum v. KPMG case, is an accounting malpractice/fraud action.  As alleged in the complaint, KPMG fraudulently marketed "tax deferral/avoidance products" to Mr. Blum and providing him with "a false opinion letter stating that it was 'more likely than not' that a deduction taken for losses generated by such investments would be upheld if challenged by the IRS" when "Defendants knew but misrepresented, actively concealed, and/or did not disclose to [Mr. Blum] numerous facts, including that several KPMG tax partners had repeatedly warned

5

KPMG management that the IRS would likely succeed in challenging any deductions taken for losses generated by the investments, thus placing KPMG's clients at considerable risk." [Avenatti Decl. Exh. 1, ¶ 1] Mr. Blum alleges that Greenberg is a CPA and "a former tax partner at KPMG" who "was a member of the Stratecon Group and worked in KPMG's Los Angeles, California offices." [Id. ¶ 9] As such, "Greenberg was involved in the development and marketing of the BLIPS product [one of the tax products sold to Mr. Blum by KPMG] and, upon information and belief, met with Plaintiff Blum in October of 2000 in order to discuss Plaintiff's BLIPS transaction." [Id.] "Greenberg was criminally indicted in federal court in the Southern District of New York for, among other things, his role in the conduct alleged herein." [Id.] The complaint in that action alleges breach of fiduciary duty, fraud, fraudulent nondisclosure, negligent nondisclosure, negligent misrepresentation, and professional negligence causes of action.

It should require little analysis to conclude that the Blum v. KPMG action – an action between Mr. Blum and Greenberg in which Plaintiffs in this action serve only as counsel – does not overlap with this action. None of the issues at stake herein are raised by the pleadings in the Blum v. KPMG action. Thus, even if the action itself was not already stayed, it could not support Greenberg's request for a stay.

The Avenatti v. Greenberg case is a civil harassment action seeking injunctive relief, not damages. [Avenatti Decl. ¶ 5; Exh. 3 (TRO Application)] Under California law, a "person who has suffered harassment … may seek a temporary restraining order and an injunction prohibiting harassment..." Cal. Code Civ. Proc. § 527.6(a)(1). An order enjoining a party from harassing may prohibit that party from, among other things, "contacting, either directly or indirectly, by mail or otherwise … or disturbing the peace of the petitioner." Cal. Code Civ. Proc. § 527.6(b)(6)(A). For the purposes of section 527.6 under California law, "harassment" is "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Cal. Code Civ. Proc. § 527.6(b)(3) (emphasis added). Any such "course

6

of conduct" must consist of conduct that would "cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." Id. "Course of conduct" is specifically defined to include the use of "computer e-mail." Cal. Code Civ. Proc. § 527.6(b)(1). A "credible threat of violence" includes any knowing or willful conduct "that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose." Cal. Code Civ. Proc. § 527.6(b)(2).

The issue in the Avenatti v. Greenberg action is whether Greenberg's conduct constitutes harassment under California law. This is an entirely distinct question from whether Greenberg's conduct is defamatory. In a defamation action, like this one, the focus is on whether the conduct tends to injure a person's *reputation* in the community, whether the conduct/statements made is false, and other related questions such as the nature of damages vis a vis the content of the statements made (i.e., does it injure a person's professional reputation). See Ball v. D'Lites Enterprises, Inc., 65 So. 3d 637, 641 (Fla. Dist. Ct. App. 2011); Lawnwood Med. Ctr., Inc. v. Sadow, 43 So. 3d 710, 729 (Fla. Dist. Ct. App. 2010); Bair v. Clark, 397 So. 2d 926, 927-28 (Fla. Dist. Ct. App. 1981). None of these issues are at issue in the harassment action, where the focus is on the *effect* of the defendant's conduct on the petitioner *personally*, not in the community – i.e., whether the conduct in question "would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family..." Cal. Code Civ. Proc. § 527.6(b)(2). As such, the only relief available is injunctive relief, not damages. See Cal. Code Civ. Proc. § 527.6(a)(1) (Providing for injunctive relief). Conduct can be defamatory but not harassing and harassing but not defamatory.

For example, in R.D. v. P.M., a California civil harassment action the defendant engaged in conduct similar to Greenberg's in this action posting on "consumer-review websites" posted "attacking [the petitioner's] personal and professional conduct" and distributing "flyers with disparaging messages." R.D. v. P.M., 202 Cal. App. 4th 181, 183 (2011). In determining whether the injunctive relief granted was proper, the California Court of Appeal did not examine

7

the truth or falsity of the statements, but looked to whether the conduct was such that it would "cause a reasonable person to suffer substantial emotional distress," and whether it did "actually cause substantial emotional distress to the plaintiff." Id. at 188.

Thus, contrary to Greenberg's argument, these actions do not involve the "exact same factual issues." Rather, Plaintiff Avenatti brought the civil harassment action in order to obtain injunctive relief to stop Defendant Greenberg's from contacting Plaintiff Avenatti and threatening him. As alleged in that action, Greenberg's actions were incessant, abusive, and threatening. [Avenatti Decl. Exh. 3 (TRO Application)] In this regard it is noteworthy that preliminary injunctive relief is typically not available in the context of a defamation action. Weiss v. Weiss, 5 So. 3d 758, 760 (Fla. Dist. Ct. App. 2009) ("equity will not enjoin either an actual or threatened defamation."). The fact that Greenberg's conduct is determined to be harassing under California law will not control whether it is defamatory under Florida law in this action. Indeed, Greenberg focuses on the primary overlap being whether or not Plaintiff Avenatti is a "liar, thief, cheat and hater of Jews." Those issues may pertain to whether Greenberg can establish truth as a defense to this defamation action, but they have no bearing on either of the other two actions – Blum v. KPMG and Avenatti v. Greenberg.

Accordingly, Greenberg's Motion fails on its face. The reasons he provides for the propriety of the stay are demonstrably untrue. See Ortega Trujillo, 221 F.3d at 1264 (The reasons given for the stay must support the issuance of a stay).

**C. The Fact That One Other Action Is Currently Pending Does Not Support The Issuance Of A Stay**

Greenberg contends that a stay is necessary because he is burdened by having to defend multiple actions in multiple forums. As stated above, this is demonstrably false because one of those actions, the Blum v. KPMG action, has been stayed. Greenberg cannot possibly be burdened by having to defend an action that is not currently active. Thus, Greenberg is left only with the argument that the Avenatti v. Greenberg argument impermissibly burdens him. Again, however, the facts contradict Greenberg's argument.

8

As set forth above, Greenberg "must make out **a clear case of hardship or inequity** in being required to go forward" in order to justify staying this action. Landis, 299 U.S. at 254 (emphasis added). Defendant cannot and does not meet his burden, *especially seeing as the pending litigation is of his own making.*

*First*, it is not clear in what way Greenberg contends that he is being burdened. He mentions having incurred significant "costs" but does not in any way substantiate this claim. He appears to reference the volume of paper being filed in the various actions as a basis for his burden claims falsely claiming that Plaintiff Avenatti has filed over 20 motions and thousands of pages of documents. While certainly an exaggeration, the fact of the matter is that, to date, the bulk of the motion practice between the three actions has taken place in the Blum v. KPMG action. That action is now stayed and thus will not produce additional motion practice.

To the extent that Greenberg refers to financial costs, he has not provided any evidence that this is the actually true. In fact, given that Greenberg is ostensibly representing himself *pro se* in this action as well as the Blum v. KPMG action, he is not incurring financial costs in connection with having to pay counsel. There is no reason to believe that Greenberg is being financially burdened by these proceedings.[2]

*Second*, the nature of the Avenatti v. Greenberg action does not support Defendant's claim of burden. As discussed above, that proceeding is a civil harassment action. Accordingly, there is no discovery being taken. [Avenatti Decl. ¶ 6] Instead, that matter is being resolved through adversarial hearings before the court. To date, there have been two such hearings – one on July 20, 2012 and one on August 10, 2012. [Id. ¶ 6] A third and final hearing is scheduled for November 6, 2012. [Id ¶ 6] While the parties have submitted some briefing on legal issues

---

[2] Greenberg also makes several false and unsubstantiated allegations regarding Plaintiff Avenatti's conduct in support of his claim of hardship. For example, Greenberg claims that "Mr. Avenatti has even gone so far in on lawsuit to prevent Greenberg from dropping off at school and picking up from school Greenberg's six year old child…" Plaintiff Avenatti has sought to do no such thing and the factual basis for Greenberg's claim is, for lack of a better term, a mystery. [Avenatti Decl. ¶ 8]

9

WILLIAM C. HEARON, P.A. SUNTRUST INTERNATIONAL CENTER, ONE SOUTHEAST THIRD AVENUE, SUITE 3000, MIAMI, FLORIDA 33131, PHONE: (305) 579-9813

raised by the case, there is no provision for dispositive motions and no discovery. [Id. ¶ 6] Rather, the parties simply present testimony at the hearings and the court will decide whether an injunction will issue. The court has given the parties the impression that the hearing on November 6 will be the final hearing and thus, the proceedings should be resolved at that time or shortly thereafter. [Id. ¶ 6]

Accordingly, considering the quantum of work involved in the <u>Avenatti v. Greenberg</u> action, it is simply not the case that Greenberg is litigating a standard lawsuit which includes the necessity of taking discovery, engaging in motion practice, and the other usual activities with which this Court is certainly familiar. Notably, as well, Greenberg is represented by counsel in that action. [Avenatti Decl. Exh. 4 (Docket Sheet reflecting appearance)] Greenberg therefore has the assistance of counsel in dealing with whatever demands that action does place on him. Simply being required to litigate a case is not a "substantial hardship" under the law - otherwise the inquiry as to whether a stay was appropriate would end with the determination that two actions were pending.

*Finally,* a default has been entered in this action. [Docket Entry No. 6] Thus, barring a decision to lift the default, the only issue remaining for trial is one of damages. As a consequence of this fact, Greenberg's claim that he is being forced to litigate identical issues in multiple forums is false for the additional reason that issues going to the merits of this action are not actually being litigated.

In sum, and as a matter of fact, Greenberg cannot substantiate his claim of burden. <u>Landis</u>, 299 U.S. at 254. Accordingly, the Motion for Stay must be denied. <u>See Ortega Trujillo</u>, 221 F.3d at 1264 (The reasons given for the stay must support the issuance of a stay).

**D. The Requested Stay Would Be Indefinite In Scope And Duration And Therefore Immoderate As Well As Prejudicial To Plaintiffs**

In addition to the factual deficiencies evident in Defendant's Motion, the stay requested is legally deficient. As set forth above, the Eleventh Circuit has made it clear that "the district court must limit properly the scope of the stay" and that a "stay must not be immoderate."

Ortega Trujillo, 221 F.3d at 1264.  A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."  Id.; CTI-Container Leasing Corp., 685 F.2d at 1288; Hines, 531 F.2d at 733.

The stay requested by Greenberg is open-ended and indefinite in duration.  He seeks to have this action stayed during the pendency of other unrelated actions.  While the Avenatti v. Greenberg action should be resolved at the trial level within the next couple of months, there may be subsequent appeals and other matters to resolve thereafter.  It is thus unclear and open-ended as to when that action may be resolved finally.  In light of the stay in the Blum v. KPMG matter, the time frame for the resolution of that action is even more open-ended.  In the Eleventh Circuit, courts routinely decline to stay cases or are reversed for doing so when an open-ended stay pending the resolution of other proceedings is sought or entered.

For example, in Ortega Trujillo v. Conover & Co. Communications – a case bearing a certain similarity to this one – the District Court stayed a defamation action pending the resolution of another action involving the same parties pending in the Bahamas.  221 F.3d at 1263.  The plaintiffs in the defamation case alleged that a press release issued in connection with the Bahamian action accused them of perpetrating a "massive fraud scheme" and was defamatory.  Id.  The Eleventh Circuit vacated the stay issued by the District Court because the stay was to "remain[] in effect until the 'Bahamian Courts conclude their review.'"  Id. at 1264.  The Eleventh Circuit concluded that this stay was "indefinite in scope" and therefore immoderate.  Id. at 1265.  The Eleventh Circuit concluded that "the interests of judicial economy alone are insufficient to justify such an indefinite stay."  Id.

Similarly, in Lipford v. Carnival, a stay was requested pending the resolution of an identical state proceeding.  The District Court concluded it was "undisputed that the stay, as requested, would remain in place until such time as the trial of the state court case is completed and all of the appeals in that case have been exhausted."  Lipford v. Carnival Corp., 346 F. Supp.

11

2d 1276, 1278 (S.D. Fla. 2004).  Accordingly, the District Court denied the request for a stay on the grounds that it was immoderate.  Id.

Here too Greenberg requests a stay that is open-ended and indefinite.  This alone requires the Court to deny Defendant's Motion as immoderate and therefore impermissible.  Further, in light of this fact, Plaintiffs would most certainly be prejudiced by a stay of this action and the indefinite delay of the final adjudication of their claims.  However, this fact coupled with the lack of significant overlap between the various actions referenced by Greenberg further requires that his Motion be denied.  "[T]he interests of judicial economy alone are insufficient to justify … an indefinite stay" and "[a]bstention is the exception instead of the rule [citation] and 'courts regularly permit parallel proceedings…'"  Ortega Trujillo, 221 F.3d at 1265.  In other words, not only is there nothing to be gained from the stay requested based on the factual differences in the various actions, but to grant Defendant's Motion would result in the entry of an immoderate and impermissible stay.

## V.    CONCLUSION

For the reasons stated herein, Defendant's Motion should be denied.

> WILLIAM C. HEARON, P.A.
> Attorney for Plaintiffs
> 1 S.E. Third Avenue,  Suite 3000
> Miami, Florida 33131
> Ph:  (305) 579-9813
> Fax: (305) 358-4707
> E-mail: bill@williamhearon.com
>
> By: _____
>        William C. Hearon
>        Florida Bar No. 264660

12

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2012, I filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day by e-mail to ernk1234@gmail.com and by U.S. mail on all counsel or parties of record identified on the Service List below.

By: _____
William C. Hearon

## SERVICE LIST

David B. Greenberg
5700 Old Ocean Blvd., Unit C
Ocean Ridge, FL 33435

13