UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80438-CIV-MIDDLEBROOKS

EAGAN AVENATTI, LLP, a California
Limited Liability Partnership, and
MICHAEL J. AVENATTI, individually,

    Plaintiffs,

v.

DAVID B. GREENBERG, individually,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT DAVID B. GREENBERG'S MOTION TO SET ASIDE DEFAULT

THIS CAUSE comes before the Court upon *pro se* Defendant David B. Greenberg's ("Defendant") Motion to Set Aside Default ("Motion") (DE 9), filed on July 16, 2012. Plaintiffs Eagan Avenatti, LLP and Michael J. Avenatti (collectively, "Plaintiffs") filed their Response (DE 16) on July 31, 2012. I have reviewed the matter and am fully advised in the premises.

Plaintiffs filed their Complaint with this Court on April 25, 2012, alleging defamation and libel *per se* against Defendant. (DE 1 at 1). The Clerk issued the summons as to Defendant that same day. (*See* DE 3). Whether Defendant was provided proper service is hotly disputed by the Parties. Plaintiffs claim Defendant intentionally evaded service, (*see* DE 16 at 5-8); whereas Defendant claims service was improper and challenges the allegation that he evaded service. (*See* DE 9 at 6-9). If service was proper in the manner claimed by Plaintiffs, a response to the Complaint was due by May 21, 2012. On June 1, 2012, Plaintiffs moved for Clerk's entry of default, which was

entered on June 4, 2012. (*See* DE 6). On July 16, 2012, Defendant appeared *pro se* by filing the instant Motion and his Answer to the Complaint. (*See* DE 8). Since then, both Parties have made numerous filings with the Court.

Defendant now moves the Court to set aside the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). Default judgments are generally disfavored, as there is a *strong* policy preference to determine cases on their merits. *See, e.g., Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 783 (11th Cir. 1993). Defendants must show good cause to set aside the default. *See* Fed. R. Civ. P. 55(c).. When determining whether to grant a motion to set aside a clerk's entry of default, a court should consider the following: (1) "whether the default is culpable or willful"; (2) "whether setting aside the default would prejudice the adversary"; and (3) "whether the defaulting party presents a meritorious defense." *Compania Interamerica Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F. 3d 238, 243 (2d Cir. 1994)).

Defendant argues that good cause exists to set aside the entry of default because he was not provided proper service and that the entry of default was not the result of Defendant's willful conduct. Upon receiving notice of the entry of default on June 12, 2012, Defendant claims he immediately began determining how to properly proceed. (*See* DE 9 at 9). Defendant attempted to find Florida counsel, but was unable to do so. As a result, Defendant is now proceeding *pro se*. Based on the facts pleaded by Defendant, and also noting the strong policy in favor of hearing cases on their merits, I find good cause exists to vacate the Clerk's entry of default. *See Dean v. Barber*, 951 F. 2d 1210, 1213 (11th Cir. 1992) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (noting that *pro se* litigants who are not familiar with complex court procedures should be given greater

leeway). While Plaintiffs have made a showing that Defendant intentionally evaded service, the Court gives this little weight, as Defendant is now before the Court and the litigation is moving forward. I further note that this decision will not necessarily prejudice Plaintiffs, and Defendant makes several meritorious defenses that, if proven, may adversely affect Plaintiffs' case. (*See* DE 8 at 4-5).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Set Aside Default (DE 9) is **GRANTED**. The Order of Clerk's Default (DE 6) is hereby **VACATED**. Further, the Clerk of Court shall **FILE** Defendant's Proposed Answer (DE 8) as the operative Answer to the Complaint.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this ___7___ day of November, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record;

David Greenberg, *pro se*
1730 S. Federal Highway, 140
Delray Beach, Florida 33483